UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MOHAMMAD A. HALLOUM, | Case No. 6:25-cv-01792-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| NORTHERN ARIZONA UNIVERSITY, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Mohammad A. Halloum, proceeding self-represented, brings this action against Defendant Northern Arizona University. Compl., ECF No. 2. Before the Court is Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"). ECF No. 1. For the following reasons, Plaintiff's Application for Leave to Proceed IFP is granted. However, the Clerk of the Court shall not issue process until further order of the Court because Plaintiff's Complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff asserts violations of his statutory and constitutional rights under Title IX and the Equal Protection Clause. Compl. 3. His statement of his claim reads, in full:

> The defendant [Northern Arizona University] concocted a most egregious slavery scheme to target, isolate, and rob the plaintiff of owed legal compensation for damages caused to him before, during, and after his military service. This long con involved using the defendant's former family, friends, colleagues, classmates and coworkers to wear disguises and partner with the university to carry out an assault

> on the competent and independent plaintiff's legal autonomy by falsely collectively alleging mental health issues. Defendant anesthetized and raped the plaintiff nightly to falsify notions of a relationship and boasted about it in university lectures. Defendant retaliated ·against plaintiff for reporting many campus abuses including a proven scathing title IX report with irrefutable evidence of disguises, false identities, fake professors, stalker students, destroyed dorm room, intentional infestations, repeated break ins, overdose poisonings as attempted murders, and other abuses. Defendant kidnapped student plaintiff claiming mental illness and making staff and students feel unsafe. Plaintiff was hospitalized by abusers for months in hospital ran by abusers, staffed by abusers, and even used abusers as patients. [Northern Arizona University] coordinated to have plaintiff falsely diagnosed with psychiatric condition to further retaliate and carry out scheme.

Compl. 4.

Plaintiff states that many of the abuses were carried out on the university campus by an "organization that operates within the university itself." *Id.* Plaintiff alleges that Defendant's actions caused Plaintiff to lose his "belongings, housing, education, scholarships, and grants, and forced him to be homeless." *Id.* Plaintiff seeks damages in the amount of $6.5 trillion. *Id.*

## DISCUSSION

### I.     Financial Status

"The right to proceed in forma pauperis is not an unqualified one; it is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). The Court shall dismiss a case if it determines that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). While a plaintiff need not be completely destitute to qualify for IFP status, a plaintiff must allege poverty with "some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citations omitted).

Here, Plaintiff states in his IFP application that he is currently unemployed and earns no income. Plaintiff states he has $1,500 in cash or bank accounts and lists his personal vehicle as a $4,000 asset. ECF No. 1 at 2-3. Plaintiff outlines his monthly expenses of $890 with particularity as to each recurring expenses. *Id.* at 4. Based on the Court's review of Plaintiff's stated expenses

and assets, barely any livable funds will remain after Plaintiff pays his recurring monthly expenses. The Court finds Plaintiff is unable to pay the cost of commencing the action and therefore grants Plaintiff's Application for Leave to Proceed IFP.

## II.     Mandatory Screening

Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Screening Plaintiff's Complaint here, it is dismissed because the (A) Court does not have personal jurisdiction over Defendant, (B) venue is not proper, (C) and Plaintiff's Complaint fails to state a claim.

### A.     Personal Jurisdiction

First, under the facts Plaintiff has pled, this Court lacks personal jurisdiction over Defendant. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [defendants]." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). Oregon law authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution. *See* Or. R. Civ. P. 4 L; *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990) ("Oregon's long-arm statute confers jurisdiction to the extent permitted by due process."). "Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Picot*, 780 F.3d at 1211 (internal quotations and citation omitted). There are two types of personal jurisdiction that a court may exercise over a defendant: general jurisdiction and specific

Page 3 — OPINION AND ORDER

jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). The Court will address each in turn.

Turning first to general personal jurisdiction, a defendant is typically only subject to a court's general jurisdiction in the state where they are domiciled or "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). A court may not assert general jurisdiction over an out-of-state defendant unless the defendant's contacts with the forum state "are so 'continuous and systematic' as to render [it] essentially at home in the forum [s]tate." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Here, Defendant's principal place of business is Arizona. Compl. 4. Plaintiff has not alleged facts showing Defendant has continuous and systematic contacts with Oregon, the forum state. Thus, the Court does not have general personal jurisdiction over Defendant.

Turning next to specific personal jurisdiction, the Ninth Circuit utilizes a three-prong test to determine whether a court has personal jurisdiction over a non-resident defendant: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *Picot*, 780 F.3d at 1211 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). Here, Defendant does not reside in Oregon and is therefore a non-resident defendant. Plaintiff does not allege that any event giving rise to his claims took

place in Oregon. Plaintiff has not pled that Defendant purposefully availed itself of the privilege of conducting activities in Oregon or that Plaintiff's claims arise out of any such activities.

Thus, the Court does not have specific personal jurisdiction over Defendant and the Complaint is dismissed on that basis.[1]

**B.     Venue**

In addition, under the facts Plaintiff has pled, venue is not proper in the District of Oregon. Venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Defendant is not a resident of Oregon for the reasons set forth with respect to personal jurisdiction. *See* 28 U.S.C. § 1391(c)(2) ("an entity with the capacity to sue and be sued . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). In addition, the alleged events giving rise to Plaintiff's claims appear to have occurred in Arizona, as the Complaint references conduct occurring at the Northern Arizona University campus and a "nearby hospital." *Id.* at 4. Plaintiff does not allege that any event giving rise to his claims

---

[1] Although this issue is jurisdictional, the Court addresses the other deficiencies in Plaintiff's Complaint for the sake of efficiency in the event any amended pleading cures the jurisdictional issue.

occurred in Oregon. *Id.* Accordingly, based on the facts alleged in Plaintiff's Complaint, venue is not proper in the District of Oregon because Defendant does not reside in this district and the events giving rise to this action took place outside this district. Plaintiff's Complaint is dismissed on this basis. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

      **C.**      **Failure to State a Claim**

Finally, Plaintiff fails to state a claim for relief. A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Fed. R. Civ. P. 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." However,

> [w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

In determining the sufficiency of a self-represented party's complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) ("allegations of material fact are taken as true and construed in the light most favorable to [plaintiff]").

Plaintiff's Complaint alleges that he was discriminated against on the basis of sex, giving rise to a Title IX claim. Compl. 4. Additionally, although Plaintiff's Complaint does not explicitly identify a 42 U.S.C. § 1983 ("Section 1983") claim, the Court construes Plaintiff's alleged violation of his rights under the Equal Protection Clause as such because Section 1983 provides the mechanism by which a plaintiff may vindicate their constitutional rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). The Court addresses each claim in turn.

    1.    <u>Title IX Claim</u>

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ...." 20 U.S.C. § 1681(a). To state a Title IX claim, a plaintiff must allege that: "(1) the defendant educational institution receives federal funding; (2) the plaintiff was excluded from participation in, denied the benefits of, or subjected to discrimination under any education program or activity, and (3) the latter occurred on the basis of sex." *Schwake v. Arizona Board of Regents*, 967 F.3d 940, 946 (9th Cir. 2020).

Here, Plaintiff has alleged Defendant is an educational institution that receives federal funding. However, the Court cannot discern the facts upon which Plaintiff's claim of Title IX discrimination is based. The Complaint does not identify what persons, education programs, or activities subjected Plaintiff to discrimination. Additionally, Plaintiff's Complaint states that "[d]efendant anesthetized and raped the plaintiff." Compl. 4. While sexual assault can fall within the scope of a Title IX claim, the Court cannot determine Defendant's role in this allegation, as an educational institution, without additional facts. Finally, there is no indication in any of the allegations that any of the conduct occurred on the basis of Plaintiff's sex. Thus, Plaintiff fails to state a Title IX claim and that claim is dismissed.

2. Section 1983 Claim

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). Plaintiff's Complaint fails to state a claim because (1) Defendant is not a "person" under Section 1983 and is entitled to Eleventh Amendment immunity; and (2) Plaintiff fails to plead conduct depriving him of his rights under the Equal Protection Clause.

First, Plaintiff's Section 1983 claim is deficient because Defendant is not a "person" under Section 1983 and is entitled to immunity under the Eleventh Amendment. The Eleventh Amendment grants states immunity from citizen lawsuits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "[A] state university is an arm of the state entitled to Eleventh Amendment immunity." *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007). Here, Plaintiff only names Northern Arizona University as a defendant without

identifying any university administrators or officials who took actions related to Plaintiff's claims. Defendant is a state university.[2] Thus, it is not a 'person' and is entitled to Eleventh Amendment immunity.

Even if Plaintiff's claim were pled against individuals employed by the university, such claims are likewise limited by the Eleventh Amendment. "[S]tate officials sued in their official capacities, including university officials, are not 'persons' within the meaning of Section 1983 and are therefore generally entitled to Eleventh Amendment immunity" except "when sued for prospective injunctive relief." *Id.* Conversely, state officials sued in their individual capacities may be "persons" under Section 1983 and may be sued for monetary damages. *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 973 (9th Cir. 1994). Here, Plaintiff is not seeking injunctive relief, nor has Plaintiff identified any university officials or administrators who acted in relation to Plaintiff's claims and could be sued in their individual capacities.

Second, Plaintiff has failed to adequately plead conduct violating his constitutional rights under the Equal Protection Clause. To state a Section 1983 claim for a violation of the Equal Protection Clause, a plaintiff must plead "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). As with Plaintiff's Title IX claim, the Court cannot discern the facts upon which this claim is based. There are no allegations that

---

[2] The Court takes judicial notice of Northern Arizona University's status as a state university. Ariz. Rev. Stat. Ann. § 15-1601. *See Coultas v. Payne*, No. 3:11-cv-45-AC, 2015 WL 5920645, at *3 (D. Or. Oct. 9, 2015) ("The court may 'take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.'") (quoting *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012)).

Defendant took any intentionally discriminatory action based on Plaintiff's membership in a protected class, or even that Plaintiff was a member of a protected class.

In sum, because Plaintiff has not identified an appropriate "person" acting under color of state law, nor pled sufficient facts to allege a deprivation of a constitutional right, Plaintiff has failed to state a Section 1983 claim.

### III.    Leave to Amend

In civil rights cases in which the plaintiff is self-represented, the court construes the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). Ordinarily self-represented plaintiffs are given leave to amend their complaint. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* at 623 (internal quotation marks omitted). Because it is not clear this Complaint could not be cured by amendment, the Court will permit Plaintiff an opportunity to amend his Complaint and address the deficiencies identified above. Plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons explained above, Plaintiff's motion to proceed IFP (ECF No. 1) is GRANTED. However, the Complaint is DISMISSED. Plaintiff has leave to amend his Complaint within 30 days of the date of this Order. The Clerk of the Court shall not issue process until further order of the Court.

DATED this 10th day of December 2025.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (he/him)<br>
United States District Judge